**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1081
_____

GERRETT CONOVER,
Appellant

v.

UNITED STATES BUREAU OF PRISONS; WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:22-cv-00826)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 12, 2025
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, PORTER and AMBRO, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 24, 2025 )
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, Chief Judge.

Gerrett Conover is currently serving concurrent sentences, one imposed by the United States District Court for the Northern District of New York and the other by the United States District Court for the District of New Jersey, following his convictions of two child pornography offenses. He filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, asserting that the Bureau of Prisons ("BOP") failed to credit him for time served in custody after the imposition of his sentence in the Northern District of New York but before the imposition of his sentence in the District of New Jersey. The District Court denied the petition. Because the BOP did not fail to award Conover service credit to which he was entitled, we will affirm the District Court's order denying relief.

I.

Federal agents arrested Conover in Ogdensburg, New York, on September 16, 2012, after discovering child pornography on his computer during an inspection at a port of entry between the United States and Canada. Conover was charged the following day in the Northern District of New York with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was released on bond on September 18, 2012. Conover was arrested again on September 20, 2012, and charged in the District of New Jersey with distribution of child pornography in violation of 18 U.S.C. § 2522(a)(2)(A). He pled guilty to both charges.

On November 7, 2014, Conover was sentenced in the United States District Court for the Northern District of New York to 97 months of imprisonment. He was sentenced

in United States District Court for the District of New Jersey on October 8, 2015, to 240 months of imprisonment, concurrent with his other sentence. The BOP computed Conover's term of imprisonment by aggregating the two sentences. The BOP awarded credit for the time Conover spent in custody between his arrest on September 16, 2012, and the imposition of his sentence in the Northern District of New York on November 7, 2014. The BOP did not, however, subtract from Conover's aggregated sentence the eleven months he spent in custody after the imposition of the sentence in the Northern District of New York but before the imposition of his sentence in the District of New Jersey.

Conover filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he asserted, among other things, that the BOP was obligated under 18 U.S.C. § 3585(b) to credit him for the eleven months he spent in custody between the imposition of his two sentences. The District Court denied the petition, and Conover timely filed this appeal.

## II.[1]

We exercise plenary review over questions of statutory interpretation. Delaware County v. Fed. Hous. Fin. Agency, 747 F.3d 215, 220 (3d Cir. 2014). Under 18 U.S.C. § 3585(b)(2), a defendant serving a sentence of imprisonment "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for

---

[1] The District Court had jurisdiction over Conover's petition under 28 U.S.C. § 2241. Our Court has appellate jurisdiction under 28 U.S.C. § 1291.

which the defendant was arrested after the commission of the offense for which the sentence was imposed . . . that has not been credited against another sentence."

Conover argues that the District Court erred in denying the petition because the eleven months that he spent in custody between the imposition of his two sentences is, with respect to the later-imposed 240-month sentence, time "spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). He asserts, therefore, that the BOP erred in declining to award him credit for this custodial time. We disagree. The BOP must award credit for custodial time only if that time "has not been credited against another sentence." Id.; accord Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007) (holding that time "allotted . . . to [a petitioner's] state parole violation term . . . is not available to be credited toward his federal sentence"). But the eleven months Conover spent in custody between the imposition of his two sentences is "credited against another sentence" because that time is credited against his 97-month sentence. 18 U.S.C. § 3585(b). The BOP's determination that no credit for this eleven-month period was available is consistent with applicable law.

## III.

For the foregoing reasons, we will affirm the District Court's order denying Conover's petition for a writ of habeas corpus.